[Cite as *Citimortgage Inc., v. Roznowski*, 2012-Ohio-74.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| CITIMORTGAGE INC., et al., | : | **JUDGES:** |
|  | : | William B. Hoffman, P.J. |
|  | : | Sheila G. Farmer, J. |
| Plaintiffs-Appellees | : | Julie A. Edwards, J. |
|  | : |  |
| -vs- | : | Case No. 2011CA00124 |
|  | : |  |
|  | : |  |
| JAMES A. ROZNOWSKI, et al., | : | O P I N I O N |
|  |  |  |
| Defendants-Appellants |  |  |

CHARACTER OF PROCEEDING:          Civil Appeal from Stark County
                                 Court of Common Pleas Case No.
                                 2008CV00894

JUDGMENT:                        Dismissed

DATE OF JUDGMENT ENTRY:          January 9, 2012

APPEARANCES:

For Plaintiffs-Appellees                    For Defendants-Appellants

ERIN M. LAURITO                             PETER D. TRASKA
COLLETTE S. CARR                            Elk & Elk Co., Ltd.
Laurito & Laurito, LLC                      6105 Parkland Blvd.
35 Commercial Way                           Mayfield Heights, Ohio  44124
Springboro, Ohio  45066

DAVID A. WALLACE
KAREN A. CADIEUX
Carpenter Lipps & Leland, LLP
280 North High Street, Ste. 1300
Columbus, Ohio  43215

*Edwards, J.*

**{¶1}** Defendants-appellants, James and Steffanie Roznowski, appeal from the April 20, 2011, Judgment Entry of the Stark County Court of Common Pleas granting summary judgment in favor of plaintiff-appellees CitiMortgage, Inc. and ABN AMRO Mortgage Group, Inc.

<u>STATEMENT OF THE FACTS AND CASE</u>

**{¶2}** On February 19, 2008, appellee CitiMortgage, Inc., (hereinafter "CitiMortgage") filed a foreclosure action against appellants James and Steffanie Roznowski. After mediation was unsuccessful, appellants, on July 28, 2008, filed an answer, counterclaim and Third Party Complaint against Quest Title Agency, Inc. and appellee ABN AMRO Mortgage Group, Inc. The counterclaim and Third Party Complaint alleged that appellee CitiMortgage and/or its predecessor, appellee ABN AMRO Mortgage Group, Inc, had violated the Ohio Consumer Sales Practices Act. On August 19, 2008, appellee CitiMortgage filed an answer to the counterclaim and Third Party Complaint and, on August 22, 2008, it filed a Motion for Summary Judgment. As memorialized in a Judgment Entry filed on December 12, 2008, the motion was overruled and the case was referred to the foreclosure mediation program for a second time.

**{¶3}** On December 19, 2008, appellee ABN AMRO Mortgage Group, Inc filed an answer to the counterclaim and Third Party Complaint.

**{¶4}** After mediation was unsuccessful, the case was returned to the active docket in December of 2010. A non-jury trial was scheduled for February 10, 2011.

**{¶5}** On January 10, 2011, Quest Title Agency, Inc. filed a Motion for Summary Judgment. On the same date, appellees Citimortgage and ABN AMRO Mortgage Group, Inc filed a Motion for Summary Judgment on the complaint, on appellants' counterclaim and on the Third Party Complaint. In response, appellants filed a request asking for a pretrial and for a continuance of the trial scheduled for February 10, 2011. Appellants also asked that the summary judgment motions be held in abeyance. The trial court, pursuant to a Judgment Entry filed on January 25, 2011, continued the trial date until February 24, 2011. In a separate Notice filed the same date, the trial court gave appellants until January 31, 2011 to respond to the Motions for Summary Judgment.

**{¶6}** Appellants, on January 31, 2011, filed a motion, pursuant to Civ.R. 56(F), for additional time within which to conduct discovery. A telephone conference call was held on February 24, 2011. Via a Judgment Entry filed on February 25, 2011, the trial court continued the trial date until May 3, 2011 and gave appellants until March 25, 2011 to file responses to the pending Motions for Summary Judgment.

**{¶7}** Thereafter, on March 22, 2011, appellant filed a second motion, pursuant to Civ.R. 56(F), for additional time to conduct discovery. Three days later, On March 25, 2011, appellants filed a memorandum in opposition to the pending Motions for Summary Judgment and a cross Motion for Summary Judgment. Appellants had requested leave from the trial court to file their cross Motion for Summary Judgment.

**{¶8}** On April 19, 2011, appellants filed a Notice of Voluntary Dismissal of Third Party Complaint against Quest Title Agency, Inc. with prejudice.

{¶9} Pursuant to a Judgment Entry filed on April 20, 2011, the trial court denied appellants' motion for additional time within which to conduct discovery and their motion for leave to file a cross Motion for Summary Judgment. The trial court granted appellees' Motion for Summary Judgment. The trial court, in its Judgment Entry, stated, in relevant part, as follows: "Counsel for Plaintiff is to prepare the judgment entry consistent with this Entry, the pleadings and the record within two weeks from the date of this entry. This is a final appealable order and there is no just cause for delay."

{¶10} Appellants now raise the following assignments of error on appeal:

{¶11} "I. THE TRIAL COURT ENTERED FINAL JUDGMENT IN A FORECLOSURE ACTION WITHOUT ANY ENTRY ON THE AMOUNT OWED.

{¶12} "II. THE TRIAL COURT'S ENTRY OF JUDGMENT RESTS ENTIRELY ON HEARSAY.

{¶13} "III. THE TRIAL COURT ERRED BY REFUSING TO ENFORCE THE FACE TO FACE MEETING REQUIREMENT OF 24 CFR 203.604(B).

{¶14} "IV. THE TRIAL COURT ABUSED ITS DISCRETION BY NOT ALLOWING ADEQUATE TIME FOR DISCOVERY."

{¶15} As a preliminary matter, we must first determine whether the order under review is a final appealable order. If an order is not final and appealable, then we have no jurisdiction to review the matter and must dismiss it. See *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20, 540 N.E.2d 266, (1989). In the event that the parties to the appeal do not raise this jurisdictional issue, we may raise it sua sponte. See *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 541 N.E.2d 64, (1989),

syllabus; *Whitaker–Merrell v. Carl M. Geupel Const. Co.*, 29 Ohio St.2d 184, 186, 280 N.E.2d 922, (1972).

{¶16} An appellate court has jurisdiction to review and affirm, modify, or reverse judgments or final orders of the trial courts within its district. See Section 3(B)(2), Article IV, Ohio Constitution; see also R.C. § 2505.02 and *Fertec, LLC v. BBC & M Engineering, Inc.,* 10th Dist. No. 08AP–998, 2009–Ohio–5246. If an order is not final and appealable, then we have no jurisdiction to review the matter and must dismiss it. See *Gen. Acc. Ins. Co.,* supra at 20.

{¶17} To be final and appealable, an order must comply with R.C. 2505.02 and Civ.R. 54(B), if applicable. R.C. § 2505.02(B) provides the following in pertinent part:

{¶18} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

{¶19} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶20} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment."

{¶21} Civ.R. 54(B) provides:

{¶22} "When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision,

however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

**{¶23}** Therefore, to qualify as final and appealable, the trial court's order must satisfy the requirements of R.C. § 2505.02, and if the action involves multiple claims and/or multiple parties and the order does not enter a judgment on all the claims and/or as to all parties; as is the case here, the order must also satisfy Civ .R. 54(B) by including express language that "there is no just reason for delay." *Internatl. Bhd. of Electrical Workers, Local Union No. 8 v. Vaughn Indus., L.L.C.,* 116 Ohio St.3d 335, 2007-Ohio-6439, 879 N.E.2d 187, ¶ 7, citing *State ex rel. Scruggs v. Sadler,* 97 Ohio St.3d 78, 2002-Ohio-5315, 776 N.E.2d 101, ¶ 5–7. We note that "the mere incantation of the required language does not turn an otherwise non-final order into a final appealable order." *Noble v. Colwell*, 44 Ohio St.3d 92, 96, 540 N.E.2d 1381, (1989). To be final and appealable, the judgment entry must also comply with R.C. 2505.02. *Id.*

**{¶24}** As noted by the court *in CitiMortgage v. Arnold*, 9th Dist. No. 25186, 2011-Ohio-1350, ¶7:

**{¶25}** "Generally, an order that determines liability but not damages is not a final, appealable order. *Walburn v. Dunlap,* 121 Ohio St.3d 373, 2009-Ohio-1221, 904 N.E.2d 863, at ¶ 31. There is an exception to this general rule, however, 'where the computation of damages is mechanical and unlikely to produce a second appeal because only a ministerial task similar to assessing costs remains.' *State ex rel. White*

*v. Cuyahoga Metro. Hous. Auth.* (1997), 79 Ohio St.3d 543, 546, 684 N.E.2d 72. Thus, if 'only a ministerial task similar to executing a judgment or assessing costs remains' and there is a low possibility of disputes concerning the parties' claims, the order can be appealed without waiting for performance of that ministerial task. *Id.*"

{¶26} In the case sub judice, we find that the April 20, 2011 Judgment Entry was not a final appealable order despite inclusion of the Civ.R. 54(B) language. While the order granted summary judgment to appellees, it did not set forth the dollar amount of the balance due on the mortgage, and did not reference any documents in the record that did. See *CitiMortgage v. Arnold*, supra.[1]  While the April 20, 2011 Judgment Entry ordered: "Counsel for Plaintiff is to prepare the judgment entry consistent with this Entry, the pleadings and the record within two weeks from the date of this entry…" no such entry has been filed.

---

[1] In such case, the court held that a summary judgment order in a foreclosure case that did not set forth the amount of judgment owed was not final.

{¶27} Because the judgment appealed from is not a final, appealable order, the appeal is dismissed.

By: Edwards, J.

Hoffman, P.J. and

Farmer, J. concur

_____

_____

_____

JUDGES

[Cite as *Citimortgage Inc., v. Roznowski*, 2012-Ohio-74.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| CITIMORTGAGE INC., et al., | : | |
| | : | |
| Plaintiffs-Appellees | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| JAMES A. ROZNOWSKI, et al., | : | |
| | : | |
| Defendants-Appellants | : | CASE NO. 2011CA00124 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the appeal of the Stark County Court of Common Pleas is dismissed. Costs assessed to appellants.

_____

_____

_____

JUDGES