[Cite as *CitiMortgage, Inc. v. Roznowski*, 2012-Ohio-4901.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| | : | JUDGES: |
| CITIMORTGAGE, INC. | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 2012-CA-93 |
| JAMES A. ROZNOWSKI, ET AL | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Civil appeal from the Stark County Court of
Common Pleas, Case No. 2008CV00894

JUDGMENT:      Dismissed

DATE OF JUDGMENT ENTRY:      October 22, 2012

APPEARANCES:

For Plaintiff-Appellee
ERIN M. LAURITO
7550 Paragon Road
Dayton, OH 45459

DAVID A. WALLACE
KAREN A. CADIEUX
280 North High Street, Ste. 1300
Columbus, OH 43215

For Defendant-Appellant
PETER D. TRASKA
Box 609306
Cleveland, OH 44109

RYAN HARRELL
Chamberlain Law Firm
2765 Lancashire Road
Cleveland Heights, OH 44106

*Gwin, P.J.*

{¶1} Defendants-appellants James and Steffanie Roznowski appeal a judgment of the Court of Common Pleas of Stark County, Ohio, entered in favor of plaintiff-appellees CitiMortgage, Inc., the successor by merger to ABN AMRO Mortgage Group, Inc. For the reasons that follow, we find we have no jurisdiction over the matter.

{¶2} This case came before us on an earlier appeal, in which we determined there was no final appealable order. *CitiMortgage Inc v. Roznowski,* 5th Dist. No. 2011CA00124, 2012-Ohio-74. We found the earlier judgment did not set forth the dollar amount of the balance due on the mortgage and did not reference any documents in the record that did.

{¶3} In response, the trial court entered a judgment on February 1, 2012. The court set forth the principal sum due plus the interest. In addition, it awarded "costs of this action, those sums advanced by plaintiff for costs of evidence of title required to bring this action, for payment of taxes, insurance premiums and expenses incurred for property inspections, appraisal, preservation and maintenance." The court did not enter a dollar amount for any of those damages.

{¶4} Before addressing the merits of any appeal, we must first determine whether we have jurisdiction over the matter. If the parties to the appeal do not raise this jurisdictional issue, we may raise it sua sponte. *Chef Italiano Corp. v. Kent State University,* 44 Ohio St.3d 86, 541 N.E.2d 64, (1989), syllabus by the court. With few exceptions, the order under review must be a final appealable order. If an order is not final and appealable, then we have no jurisdiction to review the matter and must dismiss it. See *General Accident Insurance Co. v. Insurance Co. of North America,* 44 Ohio

St.3d 17, 20, 540 N.E.2d 266, (1989). An appellate court has jurisdiction to review and affirm, modify, or reverse judgments or final orders of the trial courts within its district. Ohio Constitution, Article IV, Section 3(B)(2) ; R.C. § 2505.02 .

{¶5} Ohio law recognizes an absolute right of redemption that is dual in nature, arising both from equity and statute. *Hausman v. Dayton,* 73 Ohio St.3d 671, 676, 1995–Ohio–277, 653 N.E.2d 1190. In *Hausman,* the Ohio Supreme Court explained that the mortgagor's equitable right of redemption is cut off by a decree of foreclosure. Generally, a common pleas court grants the mortgagor a three-day grace period to exercise the 'equity of redemption,' which consists of paying the debt, interest and court costs, to prevent the sale of the property. *Id.* After the decree of foreclosure has been entered, a mortgagor retains a statutory right of redemption under R.C. 2329.33 that may be exercised at any time prior to the confirmation of sale by depositing the "amount of the judgment" with all costs in the common pleas court.

{¶6} To redeem the property under R.C. 2329.33, "the mortgagor-debtor must deposit the amount of the judgment with all costs specified." *Women's Federal Savings Bank v. Pappadakes* 38 Ohio St.3d 143, 527 N.E.2d 792 (1988), paragraph one of the syllabus. The funds deposited must be available for use and division immediately. Id. at 146.

{¶7} In *Huntington National Bank v. Shanker*, Cuyahoga App. No. 72707, 1998 WL 269091, (May 21, 1998) , the court stated "It would be beyond reason to hold a trial court or magistrate to a standard that insists they state a definite sum of redemption," and that "[a]s long as the redemption value of a foreclosed property is ascertainable through normal diligence, the value, as stated by a finder of fact, will be upheld."

Likewise, courts have held it could be impractical to require the mortgagee to state with specificity the total amount due for additional charges because some of the damages would be accruing continuously through the date of the sheriff's sale. *First Horizon Home Loans v. Sims,*12th Dist. No. CA2009–08–117, 2010-Ohio-847 ¶ 25.

**{¶8}** In *Roznowski I,* we said:

"Generally, an order that determines liability but not damages is not a final, appealable order. *Walburn v. Dunlap,* 121 Ohio St.3d 373, 2009–Ohio– 1221, 904 N.E.2d 863, at ¶ 31. There is an exception to this general rule, however, 'where the computation of damages is mechanical and unlikely to produce a second appeal because only a ministerial task similar to assessing costs remains.' *State ex rel. White v. Cuyahoga Metro.Housing Auth.* (1997), 79 Ohio St.3d 543, 546, 684 N.E.2d 72. Thus, if 'only a ministerial task similar to executing a judgment or assessing costs remains' and there is a low possibility of disputes concerning the parties' claims, the order can be appealed without waiting for performance of that ministerial task. *Id.*

*Roznowski I at ¶25,* citations sic*.*

**{¶9}** The valuation of the damages "for costs of evidence of title required to bring this action, for payment of taxes, insurance premiums" may be mechanical and ministerial, and ascertainable by normal diligence, and thus the court was not required to list them in the judgment entry of foreclosure. However, we find the computation of the dollar amount for "expenses incurred in property inspections, appraisal, preservation and maintenance" are not easily ascertainable.  This matter has been pending for nearly

five years, and the accrued expenses appellee claims could represent a substantial sum. In order to exercise their right of redemption, appellants must know the amount of money they must produce. Nothing in the record gives appellants or this court notice of the amount.

{¶10} Appellants may dispute the necessity, frequency, and/or reasonableness of the expenses, and any challenges to these expenses may be likely to produce a second appeal before the sale.  Further, these damages are not accruing continuously until the sheriff's sale. The final appraisals will be ordered by the sheriff, and appellee may or may not be required to expend funds for further inspections or maintenance.  If there is a delay, occasioned, for example, by another appeal, the court can award subsequent damages.

{¶11} Appellee represented at oral argument all of the above can be challenged at the confirmation hearing.  We do not agree.   The proper time to challenge the existence and the extent of mortgage liens is in the foreclosure action, not upon confirmation of a judicial sale.  *National Mortgage Association v. Day,* 158 Ohio App. 3d 349, 2004-Ohio-4514, 815 N.E. 2d 730.  Confirmation involves only a determination of whether a sale has been conducted in accord with law, such as whether the public notice requirements were followed and whether the sale price was at least two-thirds of lands appraised value. *Ohio Savings Bank v. Ambrose,* 56 Ohio St. 3d 53, 55, 563 N.E. 2d 1318 (1990).  It is for this reason that only damages whose computation are "mechanical and ministerial" can be addressed at a hearing on confirmation of the sheriff's sale.

**{¶12}** We find the judgment entry appealed from is not a final appealable order, and the appeal is dismissed for lack of jurisdiction.

By Gwin, P.J.,

Hoffman, J., and

Wise, J., concur

_____

HON. W. SCOTT GWIN

_____

HON. WILLIAM B. HOFFMAN

_____

HON. JOHN W. WISE

WSG:clw 1010

[Cite as *CitiMortgage, Inc. v. Roznowski*, 2012-Ohio-4901.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| CITIMORTGAGE, INC. | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| JAMES A. ROZNOWSKI, ET AL | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2012-CA-93 |

For the reasons stated in our accompanying Memorandum-Opinion, the appeal is dismissed for lack jurisdiction.  Costs to appellees.

_____

HON. W. SCOTT GWIN

_____

HON. WILLIAM B. HOFFMAN

_____

HON. JOHN W. WISE