**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as**
*CitiMortgage, Inc. v. Roznowski,* **Slip Opinion No. 2014-Ohio-1984.]**

NOTICE

This slip opinion is subject to formal revision before it is published in
an advance sheet of the Ohio Official Reports.  Readers are requested
to promptly notify the Reporter of Decisions, Supreme Court of Ohio,
65 South Front Street, Columbus, Ohio 43215, of any typographical or
other formal errors in the opinion, in order that corrections may be
made before the opinion is published.

SLIP OPINION NO. 2014-OHIO-1984

CITIMORTGAGE, INC., APPELLANT, *v.* ROZNOWSKI ET AL., APPELLEES.

**[Until this opinion appears in the Ohio Official Reports advance sheets,**

**it may be cited as *CitiMortgage, Inc. v. Roznowski,***

**Slip Opinion No. 2014-Ohio-1984.]**

*Foreclosures sales—Final orders—R.C. 2505.02(B)(1)—Foreclosure decree*
*leaving undetermined money to be spent on preserving property pending*
*sale—Order of confirmation of sale.*

(No. 2012-2110—Submitted November 5, 2013—Decided May 15, 2014.)

CERTIFIED by the Court of Appeals for Stark County, No. 2012-CA-93,

2012-Ohio-4901.

_____

SYLLABUS OF THE COURT

1.  A judgment decree in foreclosure that allows as part of recoverable damages
    unspecified amounts advanced by the mortgagee for inspections,
    appraisals, property protection, and maintenance is a final, appealable
    order pursuant to R.C. 2505.02(B)(1).

2. A mortgagor may contest amounts expended by a mortgagee for inspections, appraisals, property protection, and maintenance during proceedings to confirm the foreclosure sale and may appeal the order of confirmation of sale.

_____

**LANZINGER, J.**

{¶ 1} This case raises two issues related to judgments in mortgage-foreclosure cases: first, whether a judgment decree in foreclosure is a final, appealable order when it includes unspecified amounts advanced by the mortgagee for inspections, appraisals, property protection, and maintenance and, second, whether a mortgagor may challenge those amounts as part of the proceedings to confirm the foreclosure sale and appeal the order of confirmation. We answer both questions in the affirmative.

## I. Case Background

{¶ 2} On February 19, 2008, appellant, CitiMortgage, Inc., filed a complaint seeking to foreclose on property owned by appellees, James A. Roznowksi and Steffanie M. Roznowksi. In the complaint, CitiMortgage specified that it sought judgment against the Roznowskis for the principal sum

plus interest from August 1, 2007 to October 1, 2007 in the amount of $1,479.90 and interest on said principal at the rate of 7.125% per annum from October 1, 2007, until paid, plus late charges, taxes, assessments and insurance premiums that may be advanced by Plaintiff, and for all costs herein expended; and any and all advancements which have been paid or will be paid for the benefit, preservation and protection of said real property herein.

The complaint further requested that the

mortgage may be decreed a valid first and best lien upon said real property, with the exception of taxes and assessments; that its mortgage deed upon the described real property be foreclosed and said real property sold according to the statutes and procedures in effect, free of all claims, liens and interests of all the Defendants, that all named Defendants set forth their claim or interest in said real property or be forever barred from asserting same.

{¶ 3} The Roznowskis filed an answer, counterclaim, and third-party complaint alleging that CitiMortgage and CitiMortgage's predecessor, ABN AMRO Mortgage Group, Inc., had violated the Consumer Sales Practices Act and that Quest Title Agency, Inc. had engaged in the unauthorized practice of law when it allegedly provided incorrect legal advice to them about documents it had drafted.

{¶ 4} The trial court granted CitiMortgage's and Quest's motions for summary judgment. The entry stated:

> It is hereby
>
> ORDERED, ADJUDGED and DECREED that Plaintiff's Motion for Summary Judgment and Third-Party Defendant's Motion for Summary Judgment are GRANTED; and it is further
>
> ORDERED that Counsel for Plaintiff is to prepare a judgment entry consistent with this Entry, the pleadings and record within two weeks from the date of this entry. This is a final appealable order and there is no just cause for delay.

**{¶ 5}**   The Roznowskis filed an appeal, arguing in their first assignment of error that the trial court had entered final judgment without any entry setting forth the amount owed.  The Fifth District Court of Appeals dismissed the appeal, holding that the order was not final and appealable, because it did not set forth the dollar amount of the balance due on the mortgage and did not refer to any documents in the record that did.  5th Dist. Stark No. 2011-CA-124, 2012-Ohio-74, at ¶ 26.

**{¶ 6}**   On remand, the trial court issued a judgment entry sustaining CitiMortgage's motion for summary judgment and issuing a decree for foreclosure.  In the entry, the court stated that there was due to CitiMortgage the principal sum of $126,849.04 on the promissory note, along with interest at specified rates and costs of the action.  The court also added to the amounts that were to be recovered

> those sums advanced by Plaintiff for costs of evidence of title required to bring this action, for payment of taxes, insurance premiums and expenses incurred for property inspections, appraisal, preservation and maintenance for which amount judgment is awarded in favor of Plaintiff and against Defendant[s].

The court further found that the mortgage to CitiMortgage was "a good and valid lien and the first and best lien on the real estate * * * prior to all other liens against same, with the exception of real estate taxes."  The trial court accordingly ordered the property to be sold by sheriff's sale.

**{¶ 7}**   On appeal, the Fifth District dismissed the appeal for lack of jurisdiction after holding that the trial court had again failed to issue a final, appealable order.  5th Dist. Stark No. 2012-CA-93, 2012-Ohio-4901.  The court of appeals reasoned that "expenses incurred in property inspections, appraisal,

4

preservation and maintenance" as set forth in the trial court's order are not easily ascertainable and thus must be set forth specifically before the order is final and appealable. *Id.* at ¶ 9. It noted that the matter had been pending nearly five years and nothing in the record gave the Roznowskis notice of the total amount required for them to exercise their statutory right of redemption. *Id.* The court also stated that the proper time to challenge these amounts is in the foreclosure action, not upon confirmation of a judicial sale. *Id.*

{¶ 8} The Fifth District certified that its holding was in conflict with the holding of the Seventh District in *LaSalle Bank Natl. Assn. v. Smith*, 7th Dist. Mahoning No. 11 MA 85, 2012-Ohio-4040. We determined that a conflict exists on the following issues:

> 1. Whether a judgment decree in foreclosure is a final appealable order if it includes as part of the recoverable damages amounts advanced by the mortgagee for inspections, appraisals, property protection and maintenance, but does not include specific itemization of those amounts in the judgment.

> 2. Whether a mortgagor that contests amounts expended by a mortgagee for inspections, appraisals, property protection and maintenance can challenge those amounts as part of the proceedings to confirm the foreclosure sale, and appeal any adverse ruling in an appeal of the order of confirmation.

134 Ohio St.3d 1447, 2013-Ohio-347, 982 N.E.2d 726.

## II. Legal Analysis

{¶ 9} The issues are interrelated. The first concerns the form of the judgment decree in foreclosure, and the second, the timing of appeal by the mortgagor of any final damages amounts awarded.

## A. *Specificity of Foreclosure Order*

{¶ 10} Article IV, Section 3(B)(2) of the Ohio Constitution grants jurisdiction to courts of appeals "to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district." Consequently, "[i]f an order is not final, then an appellate court has no jurisdiction." *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989). "An order of a court is a final appealable order only if the requirements of both R.C. 2505.02 and, if applicable, Civ.R. 54(B), are met." *State ex rel. Scruggs v. Sadler*, 97 Ohio St.3d 78, 2002-Ohio-5315, 776 N.E.2d 101, ¶ 5.

{¶ 11} The threshold requirement in our analysis, then, is whether the judgment decree in foreclosure that fails to itemize amounts expended for inspections, appraisals, property protection, and maintenance satisfies R.C. 2505.02. R.C. 2505.02 provides:

> (B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
>
> (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment.

{¶ 12} We must accordingly determine whether a decree of foreclosure like the one issued by the trial court in this case meets the requirements set forth in R.C. 2505.02(B)(1). The Fifth District and Seventh District have come to different conclusions on this issue.

### *Fifth and Seventh District views*

{¶ 13} In considering whether the trial court's judgment was final, the Fifth District noted that generally an order that determines liability but not

damages is not a final, appealable order. 2012-Ohio-4901, ¶ 8, citing *Walburn v. Dunlap*, 121 Ohio St.3d 373, 2009-Ohio-1221, 904 N.E.2d 863, ¶ 31. But it also recognized that an exception to this rule occurs " 'where the computation of damages is mechanical and unlikely to produce a second appeal because only a ministerial task similar to assessing costs remains.' " *Id*., quoting *State ex rel. White v. Cuyahoga Metro. Housing Auth.*, 79 Ohio St.3d 543, 546, 684 N.E.2d 72 (1997). In its decision, the Fifth District reasoned that the expenses incurred for property inspections, appraisal, preservation, and maintenance "are not easily ascertainable," ¶ 9, and accordingly that a judgment that did not specify these damages was not a final, appealable order.

{¶ 14} The Seventh District reached the opposite conclusion in the conflict case, *LaSalle Bank Natl. Assn. v. Smith*, 7th Dist. Mahoning No. 11 MA 85, 2012-Ohio-4040. In *LaSalle*, the trial court had granted summary judgment in favor of the mortgagee bank and ordered foreclosure and sale of the property. The mortgagors failed to appeal the order of foreclosure, but after numerous stays of the foreclosure sale, they filed a motion for reconsideration and a Civ.R. 60(B) motion for relief from judgment. When the trial court denied both motions, the mortgagors appealed, arguing that the original order of foreclosure was not a final, appealable order, because it failed to determine the amounts due and left that determination for a later date.

{¶ 15} In the *LaSalle* order of foreclosure, the trial court had specified the amount due on the promissory note and the rate of interest. In addition, it stated that the Smiths would be liable for taxes, assessments and penalties on the property levied by the county treasurer, late charges due under the note and mortgage, and sums for taxes, insurance, and property protection advanced by LaSalle, but the trial court declined to specify these amounts because they would not be ascertainable until the time of the sale. The trial court added, "Plaintiff has and will from time to time advance sums for taxes, insurance and property

protection. Plaintiff has the first and best lien for these amounts in addition to the amount set forth above. The Court makes no finding as to the amounts of the advances and continues same until the confirmation of sale." *Id.* at ¶ 15.

{¶ 16} Although these amounts were not specified, the Seventh District concluded that a final, appealable order still existed in part because the judgment entry detailed the rights of each lienholder. *Id.* at ¶ 16. The court held that an order of foreclosure that clearly indicates that advances for taxes, insurance, and property protection are to be determined at confirmation of the sale and that those advances are secured by the first and best lien for those amounts constitutes a final, appealable order. *Id.* at ¶ 21. It further specified, "This is especially the case when the advances are future costs that have not occurred and potentially may not occur. To find that the judgment entry is nonfinal because it is [sic] does not compute future costs would mean that no judgment of foreclosure and sale would ever be final." *Id.*

{¶ 17} The *LaSalle* court also distinguished two prior decisions: *Second Natl. Bank of Warren v. Walling*, 7th Dist. Mahoning No. 01-C.A.-62, 2002-Ohio-3852, and *PHH Mtge. Corp. v. Albus*, 7th Dist. Monroe No. 09 MO 9, 2011-Ohio-3370. In *Walling*, the Seventh District found that no final, appealable order existed when the trial court's judgment entry ordered a foreclosure sale but failed to resolve "fundamental issues" in the foreclosure case because the entry did not address county, state, and federal tax liens. *Walling* at ¶ 19. The *LaSalle* court concluded that its case was distinguishable from *Walling* because the rights of all lienholders had been determined. *LaSalle* at ¶ 16.

{¶ 18} In *PHH*, the Seventh District held that the judgment entry could not serve as a final order of foreclosure, because the entry stated that the final decree of foreclosure was "to be submitted" at some point in the future and the entry did not include the description and amount of other liens, the priority of the liens, and how the funds should be distributed to the various claimants. *PHH* at

¶ 18. The *LaSalle* court's statement that the amounts advanced by the mortgagee would be determined during confirmation of the sale was not the equivalent of the *PHH* court's statement that a final decree of foreclosure was to be submitted in the future. *LaSalle* at ¶ 19.

*No unresolved issues*

{¶ 19} We agree with the analysis of the Seventh District and hold that a judgment decree in foreclosure that includes as part of the recoverable damages amounts advanced by the mortgagee for inspections, appraisals, property protection, and maintenance but does not include specific itemization of those amounts in the judgment is a final, appealable order pursuant to R.C. 2505.02(B)(1).

{¶ 20} The Seventh District's opinion in *LaSalle* brings to light an important point: for a judgment decree in foreclosure to constitute a final order, it must address the rights of all lienholders and the responsibilities of the mortgagor. As detailed by the Seventh District, the judgment entries in *Walling* and *PHH* were not final orders, because they failed to address the rights of various lienholders involved in those cases. In *LaSalle* and in the present case, however, the judgment entries set forth the rights of all lienholders. Although the trial courts in *LaSalle* and the present case did not specify the actual amounts due, they did state what the mortgagors would be liable for. Each party's rights and responsibilities were fully set forth—all that remained was for the trial court to perform the ministerial task of calculating the final amounts that would arise during confirmation proceedings.

{¶ 21} We acknowledge that the entry in *LaSalle* indicated that the mortgagee "has the first and best lien" for sums advanced for taxes, insurance and property protection but that the entry here does not specifically say that CitiMortgage has the first and best lien for amounts it might advance in this case. Nevertheless, this does not mean that the entry is not final, because it clearly sets

forth the sums for which the Roznowskis are liable. Unlike the judgments in *Walling* and *PHH*, the trial court has accounted for each party's interest, and there are no remaining determinations for the trial court to make. We accordingly hold that the judgment decree in foreclosure in this case is a final order pursuant to R.C. 2505.02(B)(1).

*Distinguishable Cases*

**{¶ 22}** The Roznowskis cite two recent decisions as being consistent with their argument that the trial court's judgment does not constitute a final, appealable order. In the first case we held: "An order that declares that an insured is entitled to coverage but does not address damages is not a final order as defined in R.C. 2505.02(B)(2), because the order does not affect a substantial right even though made in a special proceeding." *Walburn v. Dunlap*, 121 Ohio St.3d 373, 2009-Ohio-1221, 904 N.E.2d 863, at syllabus. In *Walburn*, a man injured in an accident and his wife filed suit against the driver of the other car involved in the accident, alleging in part negligent operation of a motor vehicle. Because the driver of the other car was uninsured, the plaintiffs also asserted claims for uninsured/underinsured-motorist coverage under policies issued by the insurer of the injured person's employer. The trial court issued an order declaring that the insurer must provide uninsured/underinsured-motorist coverage but did not address damages. *Id.* at ¶ 26. We concluded that because the insurer would be obligated to pay only if the insureds were awarded damages in the underlying negligence action, the coverage declaration did not affect a substantial right and accordingly did not constitute a final, appealable order. *Id.* Here, the trial court's judgment forecloses on the mortgage, sets forth the principal sum and interest accrued on the note, and lists the categories for future expenses for which the Roznowskis will be liable. Unlike the order in *Walburn*, which left open the initial issue of whether the insurer would be required to pay *any* damages, all

damages for which the Roznowskis are responsible are established, and only the amount is subject to clarification.

{¶ 23} In the Roznowskis' second case, the mortgagee voluntarily dismissed its action after a default judgment had been entered in its favor, and the property was sold at a sheriff's sale. *Countrywide Home Loans Servicing, L.P. v. Nichpor*, 136 Ohio St.3d 55, 2013-Ohio-2083, 990 N.E.2d 565. We considered whether a judgment of foreclosure can be dissolved in its entirety before confirmation of sale with a voluntary dismissal filed by a party in accordance with Civ.R. 41(A). We held that "after a judgment entry grants a decree of foreclosure and order of sale, the foreclosure action cannot be dismissed pursuant to Civ.R. 41(A)(1)(a), because that rule pertains only to the voluntary dismissal of a pending case." *Id.* at ¶ 8. We emphasized that a judgment decree in foreclosure is a final order and that judicial sales have a certain degree of finality. *Id.* at ¶ 6-7. Our holding today does not change this proposition.

{¶ 24} A distinction must be made between the foreclosure decree—which determines that damages have occurred and sets forth the parties' rights and liabilities as they are related to those damages—and the order confirming the property sale—which sets forth the specific damage amount and distributes the funds accordingly. A court in a foreclosure suit cannot state with certainty how much expense a mortgagee might have to advance before a sheriff's sale has occurred and is confirmed, since interest continues to accrue and unforeseen new costs might arise.

{¶ 25} " 'For an order to determine the action and prevent a judgment for the party appealing, it must dispose of the whole merits of the cause or some separate and distinct branch thereof and leave nothing for the determination of the trial court.' " *Natl. City Commercial Capital Corp. v. AAAA At Your Serv., Inc.*, 114 Ohio St.3d 82, 2007-Ohio-2942, 868 N.E.2d 663, ¶ 7, quoting *Hamilton Cty. Bd. of Mental Retardation & Dev. Disabilities v. Professionals Guild of Ohio*, 46

Ohio St.3d 147, 153, 545 N.E.2d 1260 (1989). Liability is fully and finally established when the court issues the foreclosure decree and all that remains is mathematics, with the court plugging in final amounts due after the property has been sold at a sheriff's sale.

*The right to redeem property*

{¶ 26} The Roznowskis also argue that if a final, appealable order exists, their right to redemption of the property would be hampered. We disagree.

{¶ 27} R.C. 2329.33 establishes the statutory right to redemption in foreclosure cases. That statute provides that "at any time" before the confirmation of the sheriff's sale,

> the debtor may redeem [the property] from sale by depositing in the hands of the clerk of the court of common pleas to which such execution or order is returnable, the amount of the judgment or decree upon which such lands were sold, with all costs, including poundage, and interest at the rate of eight per cent per annum on the purchase money from the day of sale to the time of such deposit, except where the judgment creditor is the purchaser, the interest at such rate on the excess above his claim. The court of common pleas thereupon shall make an order setting aside such sale, and apply the deposit to the payment of such judgment or decree and costs, and award such interest to the purchaser, who shall receive from the officer making the sale the purchase money paid by him, and the interest from the clerk.

{¶ 28} "In Ohio, a mortgagor's right to redeem is 'absolute and may be validly exercised at any time prior to the confirmation of sale.' " *Hausman v. Dayton*, 73 Ohio St.3d 671, 676, 653 N.E.2d 1190 (1995), quoting *Women's Fed.*

*Sav. Bank v. Pappadakes*, 38 Ohio St.3d 143, 146, 527 N.E.2d 792 (1988). The Roznowskis emphasize the words "prior to the confirmation of sale" and claim that a determination that an order is final without all amounts being set forth prevents mortgagors from exercising their right to redemption until after a sheriff's sale has occurred and that it makes mortgagors wholly dependent upon the mortgagee bank to determine the redemption amount.

{¶ 29} We do not agree that our decision today impairs a mortgagor's right to redemption of the property. Pursuant to R.C. 2329.33, mortgagors still may exercise their right to redeem at any time before the sheriff's sale is confirmed. While mortgagors may need information regarding certain expenses advanced by the mortgagee, there is no evidence before us that unscrupulous mortgagees will willfully withhold that information in an attempt to prevent mortgagors from redeeming the property.[1] Furthermore, R.C. 2329.31(A) expressly provides:

> Nothing in this section prevents the court of common pleas from staying the confirmation of the sale to permit a property owner time to redeem the property or for any other reason that it determines appropriate. In those instances, the sale shall be confirmed within thirty days after the termination of any stay of confirmation.

The legislature has accordingly provided mortgagors ample opportunity to exercise their right to redemption, and any concerns about a mortgagee's failure to cooperate with providing accounts of costs necessary to determine the redemption amount may be brought before the trial court.

---

[1] While the Roznowskis state that CitiMortgage has "proven itself unreliable" in disclosing costs, the record does not support this assertion.

**{¶ 30}** We therefore hold that a judgment decree in foreclosure that allows as part of recoverable damages unspecified amounts advanced by the mortgagee for inspections, appraisals, property protection, and maintenance but does not include specific itemization of those amounts in the judgment is a final, appealable order.

## B. Limited Appeal in Confirmation of Foreclosure Proceedings

**{¶ 31}** Our holding on the first issue leads to the second: a mortgagor may contest amounts advanced by the mortgagee for inspections, appraisals, property protection, and maintenance during the proceedings to confirm the foreclosure sale and may appeal any adverse ruling.

### Possibility of limited appeal

**{¶ 32}** In its decision, the Fifth District held that the proper time to challenge all amounts is on appeal from the foreclosure action and that because confirmation involves only a determination of whether a sale has been conducted in accordance with law, only damages whose computation is mechanical and ministerial may be addressed during that time. 2012-Ohio-4901, ¶ 11. However, in reaching this conclusion, the court of appeals misapplied two decisions.

**{¶ 33}** In determining that the proper time to challenge the existence and extent of mortgage liens is in the foreclosure action, rather than upon confirmation of sale, the Fifth District cited *Fed. Natl. Mtge. Assn. v. Day*, 158 Ohio App.3d 349, 2004-Ohio-4514, 815 N.E.2d 730. (2d Dist.). *Day* involved an appeal by the plaintiff mortgagee challenging the trial court's sustaining of another mortgagee's objections to the trial court's proposed judgment entry confirming a property sale. Specifically, the other mortgagee had claimed during the confirmation proceedings that it held the first lien position on the property because it had recorded its mortgage before the plaintiff mortgagee. *Id.* at ¶ 7. The Second District properly held that the bank was not permitted to raise this objection during the confirmation proceedings, because the proper time to

14

challenge lien priority is on appeal from the foreclosure order. *Id.* at ¶ 15. *Day* thus does not support the Fifth District's conclusion that the amount of damages cannot be challenged on appeal after the confirmation proceedings.

{¶ 34} The Fifth District also mistakenly relied upon *Ohio Sav. Bank v. Ambrose*, 56 Ohio St.3d 53, 563 N.E.2d 1388 (1990), for its assertion that "[c]onfirmation involves only a determination of whether a sale has been conducted in accord with law, such as whether the public notice requirements were followed and whether the sale price was at least two-thirds of lands [sic] appraised value." 2012-Ohio-4901 at ¶ 11, citing *Ohio Sav. Bank* at 55. *Ohio Sav. Bank* involved an attempt by the purchaser at a sheriff's sale to appeal the trial court's order denying confirmation of the sheriff's sale after the mortgagor redeemed the property. We held that because purchasers at foreclosure have no vested interest in the property before confirmation of sale, they have no standing to appeal if the trial court denies confirmation. *Id.* at 55. We did not limit what a trial court may consider when determining whether to exercise its discretion to grant or deny confirmation. In stating that before granting confirmation, the trial court must be "satisfied of the legality of such sale" pursuant to R.C. 2329.31, we did not preclude mortgagors from challenging on appeal damages determined during confirmation proceedings.

{¶ 35} We agree with the Seventh District in *LaSalle* that two judgments are appealable in foreclosure actions: the order of foreclosure and sale and the order of confirmation of sale. *LaSalle Bank Natl. Assn.,* 2012-Ohio-4040, ¶ 20. A mortgagor that contests amounts expended by a mortgagee for inspections, appraisals, property protection, and maintenance may challenge those amounts as part of the proceedings to confirm the foreclosure sale and may appeal the order of confirmation.

{¶ 36} R.C. 2329.31(A) provides:

> Upon the return of any writ of execution for the satisfaction of which lands and tenements have been sold, *on careful examination* of the proceedings of the officer making the sale, if the court of common pleas finds that *the sale was made, in all respects*, in conformity with sections 2329.01 to 2329.61 of the Revised Code, it shall, within thirty days of the return of the writ, direct the clerk of the court of common pleas to make an entry on the journal that *the court is satisfied of the legality of such sale* and that the attorney who filed the writ of execution make to the purchaser a deed for the lands and tenements.

(Emphasis added.) The statute thus requires the court to carefully examine the proceedings to determine the legality of the sale in all respects. As part of this examination, the court must determine whether the amounts advanced for inspections, appraisals, property protection, and maintenance are accurate. Naturally, the mortgagor must have an opportunity to challenge these amounts and raise the issue on appeal if the mortgagor believes that the amounts the trial court determines are incorrect.

*No conflict with prior cases*

{¶ 37} The Roznowskis argue that we have previously determined that no appeal may be taken from a confirmation sale in *Oberlin Sav. Bank Co. v. Fairchild*, 175 Ohio St. 311, 194 N.E.2d 580 (1963). We disagree. In *Fairchild*, the bank brought an action to foreclose on a mortgage and named as a defendant Carmen Fairchild, who claimed a life estate in the property. Fairchild failed to file an answer or otherwise appear before issuance of the order of foreclosure. At the confirmation hearing, Fairchild entered an appearance, seeking a share in the excess proceeds from the sale. The trial court denied her claim and confirmed the sale. She initially prevailed on appeal, but we reversed the holding of the court of

appeals. We held that Fairchild should have appealed from the order of foreclosure, in which the court set forth the amounts due to the various claimants to the property. Furthermore, we stated that the court of appeals erred when it reversed the trial court's decision because she had never filed a pleading in the case and presented no evidence in support of her claim.

{¶ 38} Our decision today is consistent with *Fairchild*. The order of foreclosure is a final, appealable order that sets forth the duties and liabilities of those who have an interest in the property. Accordingly, if an individual or entity believes that the order of foreclosure fails to accurately reflect an interest in the property, the proper means to challenge the court's determination is by appealing the order of foreclosure. Because Fairchild failed to appear in the case, she forfeited the right to assert her interest once the sale of the property had occurred. Unlike Fairchild, the Roznowskis participated in the case and had their responsibilities and interest set forth in the foreclosure decree. They have standing to appeal the confirmation of the sale.

{¶ 39} There are thus two judgments appealable in foreclosure actions: the order of foreclosure and the confirmation of sale. The order of foreclosure determines the extent of each lienholder's interest, sets forth the priority of the liens, and determines the other rights and responsibilities of each party in the action. On appeal from the order of foreclosure, the parties may challenge the court's decision to grant the decree of foreclosure. Once the order of foreclosure is final and the appeals process has been completed, all rights and responsibilities of the parties have been determined and can no longer be challenged.

{¶ 40} The confirmation process is an ancillary one in which the issues present are limited to whether the sale proceedings conformed to law. Because of this limited nature of the confirmation proceedings, the parties have a limited right to appeal the confirmation. For example, on appeal of the order confirming the sale, the parties may challenge the confirmation of the sale itself, including

computation of the final total owed by the mortgagor, accrued interest, and actual amounts advanced by the mortgagee for inspections, appraisals, property protection, and maintenance. The issues appealed from confirmation are wholly distinct from the issues appealed from the order of foreclosure. In other words, if the parties appeal the confirmation proceedings, they do not get a second bite of the apple, but a first bite of a different fruit.

*No disadvantage to parties*

{¶ 41} The Roznowskis contend that allowing appeal of confirmation proceedings harms mortgagors who wish to redeem their property because they may dispute only the amounts advanced by the mortgagee for inspections, appraisals, property protection, and maintenance at the confirmation of sale. However, as discussed above, R.C. 2329.31(A) provides that mortgagors may seek to stay the confirmation of the sale and determine the exact amount needed to redeem the property during this time.

{¶ 42} The Roznowskis also claim that allowing an appeal of confirmation proceedings disadvantages prospective purchasers, for they can "only buy a property that was subject to *subsequent* determination of whether the judgment ordering sale was calculated correctly." (Emphasis sic.) They also argue that it disadvantages foreclosing mortgagees because they will see a drop in sales prices or have to pay back the sale price under R.C. 2329.45 in the event of a reversal. We disagree. The finality of confirmation proceedings remains unaffected. R.C. 2329.45 does not state that a sale will be invalidated if a mortgagor successfully challenges the amounts the mortgagee has stated that it has advanced for inspections, appraisals, property protection, and maintenance. Instead, the statute provides, "If a judgment in satisfaction of which lands, or tenements are sold, is reversed, such reversal *shall not defeat or affect the title of the purchaser*." (Emphasis added.) R.C. 2329.45. Furthermore, allowing mortgagors to appeal these amounts does not give those mortgagors a chance to

undo the foreclosure judgment—it merely allows them to challenge the accuracy of those amounts in determining the total amount owed by them to the mortgagee.

### III.  Conclusion

{¶ 43} We answer the two certified-conflict issues in the affirmative.  A judgment decree in foreclosure that allows as part of recoverable damages unspecified amounts advanced by the mortgagee for inspections, appraisals, property protection, and maintenance is a final, appealable order pursuant to R.C. 2505.02(B)(1).  A mortgagor may contest amounts expended by a mortgagee for inspections, appraisals, property protection, and maintenance during proceedings to confirm the foreclosure sale and may appeal the order of confirmation of sale.

{¶ 44} We accordingly reverse the judgment of the court of appeals that the trial court failed to issue a final, appealable order, and we remand the case to the court of appeals so that it may consider the Roznowskis' remaining assignments of error.

Judgment reversed

and cause remanded.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, KENNEDY, and FRENCH, JJ., concur.

O'NEILL, J., dissents.

—————————————

**O'NEILL, J., dissenting.**

{¶ 45} I respectfully dissent from the majority's ruling on the first issue presented in this case.  I would hold that a judgment decree in foreclosure that allows as part of recoverable damages, to be determined later by a formula, unspecified amounts advanced by the mortgagee for inspections, appraisals, property protection, and maintenance is a final, appealable order.  I agree with the majority's assertion that "[l]iability is fully and finally established when the court issues the foreclosure decree and all that remains is mathematics, with the court

plugging in final amounts due after the property has been sold at a sheriff's sale." Majority opinion, ¶ 25. However, I do not think that merely listing the categories of the unspecified amounts is sufficient to fully and finally establish liability. The possible interference with a mortgagor's right of redemption in these cases does not necessarily arise from unscrupulous mortgagees willfully withholding the amount of these unspecified expenses. The violation of due process comes from the method of verifying the reasonableness of those expenses. I share the observation of the Fifth District Court of Appeals in this case that the dollar amount of expenses incurred in property inspections, appraisal, preservation, and maintenance is not easily ascertainable. 2012-Ohio-4901, ¶ 9. Even if the final number is not available at the time of the order of foreclosure, mortgagees should be made to show how they will arrive at this final number. An order is conclusively final and appealable " 'where the computation of damages is mechanical and unlikely to produce a second appeal because only a ministerial task similar to assessing costs remains.' " Majority opinion, ¶ 13, quoting *State ex rel. White v. Cuyahoga Metro. Hous. Auth.,* 79 Ohio St.3d 543, 546, 684 N.E.2d 72 (1997). Anything less than this degree of specificity undermines the finality of an order of foreclosure and invites error. I concur with the majority opinion as to the second issue; however, I dissent as to the first issue.

{¶ 46} In conclusion, I believe that an order is final and appealable only if all that remains is ministerial mathematical calculations arrived at by a method that has been approved by the trial court in the order of foreclosure. In short, no add-ons or surprises. Anything less is a moving target, which will clearly undermine the finality of the order and lead to more, not less, confusion and litigation.

_____

Carpenter, Lipps & Leland, L.L.P., David A. Wallace and Karen M. Cadieux; and Laurito & Laurito, L.L.C., Erin M. Laurito, and Colette S. Carr, for appellant.

Traska Law Firm, L.L.C., and Peter D. Traska, for appellees.

Andrew M. Engel Co., L.P.A., and Andrew M. Engel, urging affirmance for amicus curiae Terry Smith.

_____