O’Neill, J.,
dissenting.
{¶ 45} I respectfully dissent from the majority’s ruling on the first issue presented in this case. I would hold that a judgment decree in foreclosure that allows as part of recoverable damages, to be determined later by a formula, unspecified amounts advanced by the mortgagee for inspections, appraisals, property protection, and maintenance is a final, appealable order. I agree with the majority’s assertion that “[liability is fully and finally established when the court issues the foreclosure decree and all that remains is mathematics, with the court plugging in final amounts due after the property has been sold at a sheriffs sale.” Majority opinion, ¶ 25. However, I do not think that merely listing the *313 categories of the unspecified amounts is sufficient to fully and finally establish liability. The possible interference with a mortgagor’s right of redemption in these cases does not necessarily arise from unscrupulous mortgagees willfully withholding the amount of these unspecified expenses. The violation of due process comes from the method of verifying the reasonableness of those expenses. I share the observation of the Fifth District Court of Appeals in this case that the dollar amount of expenses incurred in property inspections, appraisal, preservation, and maintenance is not easily ascertainable. 2012-Ohio-4901, 2012 WL 5209362, ¶ 9. Even if the final number is not available at the time of the order of foreclosure, mortgagees should be made to show how they will arrive at this final number. An order is conclusively final and appealable “ ‘where the computation of damages is mechanical and unlikely to produce a second appeal because only a ministerial task similar to assessing costs remains.’ ” Majority opinion, ¶ 13, quoting State ex rel. White v. Cuyahoga Metro. Hous. Auth., 79 Ohio St.3d 543, 546, 684 N.E.2d 72 (1997). Anything less than this degree of specificity undermines the finality of an order of foreclosure and invites error. I concur with the majority opinion as to the second issue; however, I dissent as to the first issue.
Carpenter, Lipps & Leland, L.L.P., David A. Wallace, and Karen M. Cadieux; and Laurito & Laurito, L.L.C., Erin M. Laurito, and Colette S. Carr, for appellant.
Traska Law Firm, L.L.C., and Peter D. Traska, for appellees.
Andrew M. Engel Co., L.P.A., and Andrew M. Engel, urging affirmance for amicus curiae, Terry Smith.
{¶ 46} In conclusion, I believe that an order is final and appealable only if all that remains is ministerial mathematical calculations arrived at by a method that has been approved by the trial court in the order of foreclosure. In short, no add-ons or surprises. Anything less is a moving target, which will clearly undermine the finality of the order and lead to more, not less, confusion and litigation.