[Cite as *Bank of New York Mellon v. Ackerman*, 2020-Ohio-6954.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| BANK OF NEW YORK MELLON | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28737 |
| | : | |
| v. | : | Trial Court Case No. 2009-CV-3194 |
| | : | |
| GREGORY T. ACKERMAN, et al. | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendants-Appellants | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 30th day of December, 2020.

. . . . . . . . . . .

RICK D. DEBLASIS, Atty. Reg. No. 0012992 and WILLIAM P. LEAMAN, Atty. Reg. No. 0092336, 120 East Fourth Street, Suite 800, Cincinnati, Ohio 45020
        Attorneys for Plaintiff-Appellee

GREGORY T. ACKERMAN and JOYCE L. ACKERMAN, 556 Shadowlawn Avenue Dayton, Ohio 45419
        Defendants-Appellants, Pro Se

. . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Appellant, Joyce Ackerman,[1] appeals from the trial court's February 6, 2020 judgment confirming the sale of the residential property involved in this case, ordering a deed to the purchaser, and distributing the sale proceeds (the "confirmation judgment"). Finding no error in the confirmation proceeding, the trial court's judgment will be affirmed.

## Facts and Procedural History

{¶ 2} This foreclosure action has consumed over 11 years, and it has generated ten previous appeals and the filing of an original action in this court. All of the appeals and the original action have been decided against the Ackermans. In our last opinion, we summarized the sad and sordid history of this case as follows:

Appellee [Bank of New York Mellon] filed a complaint against Appellants [the Ackermans], and four other parties, on April 21, 2009, seeking to foreclose on Appellants' residence (the "Property") in Dayton. Shortly afterward, Appellee moved for a stay because it had reached a workout agreement with Appellants, and on November 9, 2009, the trial court administratively dismissed the case. The workout agreement, however, proved to be unsuccessful.

On May 20, 2010, the trial court returned the case to its active docket. The trial court granted summary judgment in Appellee's favor in its judgment entry of November 11, 2010, which included a foreclosure decree. Appellants appealed the judgment, and this court affirmed. *Bank of New*

---

[1] Gregory Ackerman was also a party to this appeal, but, on March 26, 2020, we dismissed him from the appeal, stating that the appeal would "proceed with Joyce Ackerman as the sole appellant." This action was taken because Gregory Ackerman has been declared a vexatious litigator by the Montgomery County Common Pleas Court, and he did not obtain leave from this court before filing the pending appeal.

*York Mellon v. Ackerman*, 2d Dist. Montgomery No. 24390, 2012-Ohio-956, ¶ 1.

Freshzone Products, Inc., a corporation owned by Appellants, submitted the winning bid for the Property at a sheriff's sale on May 3, 2013, and made a 10 percent down payment. The trial court entered a confirmation of sale on June 20, 2013, but the corporation failed to tender the balance due within 30 days thereafter as required by R.C. 2329.30. On February 3, 2014, the trial court vacated the confirmation of sale; set the sale aside; found the corporation to be in contempt of court; and ordered that the down payment be forfeited to Appellee. Effective February 26, 2014, the trial court further ordered, with respect to any future sale, that Appellants and the corporation be required to pay the full amount of a winning bid in certified funds immediately, or otherwise be prohibited from bidding.

Appellants submitted the winning bid for the Property at a sale held on February 17, 2017. Although they made a down payment of $5,000 at that time, they violated the court's order of February 26, 2014, by failing to pay the full amount of their bid. In its order of April 20, 2018, adopting a magistrate's decision, the trial court set the sale aside; found Appellants to be in contempt of court; ordered that the down payment made by Appellants be forfeited to Appellee; and imposed restrictions on Appellants' ability to bid at any future sale.   * * *

*Bank of New York Mellon v. Ackerman*, 2d Dist. Montgomery No. 28002, 2019-Ohio-4642,

¶ 3-6.

**{¶ 3}** After this last decision, the property was finally sold to someone not connected to the Ackermans, which led to the filing of the confirmation judgment at issue in this appeal. As noted, the confirmation judgment confirmed the sale, ordered a deed to the purchaser, and distributed the sale proceeds. This appeal followed.

**Analysis**

**{¶ 4}** "A trial court, upon being satisfied that a foreclosure sale has been conducted in accordance with R.C. 2329.01 through 2329.61, must file an entry stating such satisfaction and ordering the transfer of the deed to the purchaser." *Ford Consumer Fin. Co. v. Johnson*, 2d Dist. Montgomery No. 20767, 2005-Ohio-4735, ¶ 29, citing R.C. 2329.31; R.C. 2329.27(B). An appeal of a confirmation proceeding is confined "to whether the sale proceeding conformed to law." *CitiMortgage, Inc. v. Roznowski*, 139 Ohio St.3d 299, 2014-Ohio-1984, 11 N.E.3d 1140, ¶ 40. Thus, "[t]he issues appealed at confirmation are wholly distinct from the issues appealed from an order of foreclosure. In other words, if [a] part[y] appeals the confirmation proceeding[ ], [she does] not get a second bite at the apple, but the first bite of a different fruit." *Id.*

**{¶ 5}** Although Ackerman asserts that the sale was not conducted in conformance with R.C. 2329.31, her assignments of error assert that such "non-conformance" is based upon grievances with the foreclosure proceeding. These assertions, including her longstanding claims regarding a loan modification and her right to a jury trial, are not attacks on the confirmation process. They are, instead, claims that have been raised, litigated, and rejected over and over again. These claims, in addition to not being germane to the confirmation proceeding, would, even if relevant, be barred by the doctrine

of res judicata. *See Bank of New York Mellon v. Ackerman*, 2d Dist. Montgomery No. 26779, 2016-Ohio-960, ¶ 19.

{**¶ 6**} Since Ackerman's assignments of error do not articulate any error with the confirmation proceeding, they are overruled.

## Conclusion

{**¶ 7**} The trial court's confirmation judgment is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies sent to:

Rick D. DeBlasis
William P. Leaman
Joyce L. Ackerman
Freshzone Products, Inc.
Inovision
Michele D. Phipps
National City Bank
Tom Lehman Concepts, Inc.
Wells Fargo Bank, N.A.
Hon. Mary E. Montgomery