[Cite as *JTS Capital 1, L.L.C. v. Lake Cottage Communities, Ltd.*, 2017-Ohio-1437.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| JTS CAPITAL 1 LLC | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
|     Plaintiff | Hon. William B. Hoffman, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 16-CA-00010 |
| LAKE COTTAGE COMMUNITIES LTD,<br>ET AL.<br>(JAMES HARRIS, APPELLANT)<br>(PERRY COUNTY TREASURER,<br>APPELLEE) | O P I N I O N |
|     Defendants | |
| -vs- | |
| MARTIN FINTA, ET AL. | |
|     Third Party Defendants | |

CHARACTER OF PROCEEDING:      Appeal from the Perry County Common
Pleas Court, Case No. 14-CV-00183

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      April 17, 2017

APPEARANCES:

For Appellant                          For Appellee
Perry County Treasurer

JAMES HARRIS, PRO SE              CINDY M. O'NEIL
67 South Parkview Avenue            Asst. Perry County Prosecuting Attorney
Columbus, Ohio 43209               111 North High Street, P.O. Box 569
New Lexington, Ohio 43764

*Hoffman, J.*

**{¶1}** Defendant/Counterclaimant-Appellant James Harris appeals that portion of the August 31, 2016 Judgment Entry entered by the Perry County Court of Common Pleas granting him lien priority, except as to all liens of the Appellee Perry County Treasurer.[1]

STATEMENT OF THE CASE[2]

**{¶2}** On July 2, 2014, Park National Bank filed a complaint in foreclosure, which complaint named the Perry County Treasurer, Appellant and Suburban Steel Supply Company LLC as lienholders against current and former owners of the property.

**{¶3}** On July 18, 2014, the Perry County Treasurer answered the complaint of Park National Bank stating,

> 1. *** the Perry Count Treasurer does affirmatively assert a lien of first priority on the subject premises for accrued real estate taxes.
>
> WHEREFORE, Defendant Perry County Treasurer demands that the real estate tax lien of Perry County be protected, and for such other and further relief to which she may be entitled.

---

[1] Appellant does not challenge the resolution of other claims alleged before the trial court.
[2] A full rendition of the underlying facts and procedural history is unnecessary for resolution of this appeal. Therefore, we have summarily outlined the procedural history before the trial court relevant to the appeal.

**{¶4}** On August 1, 2014, Appellant filed an answer to Park National Bank's complaint, alleging counterclaims, cross-claims and third-party claims seeking a determination of liens, priority, levy and foreclosure.[3]

**{¶5}** Appellant's pleading states,

> 25. Defendant admits that he has an interest in the Property, by virtue of a Consent Judgment in the Perry County Court of Common Pleas judgment in case #11-CV-00379, lis pendens,***through which the Defendant James Harris has currently levied the property in question, and subjected the equity interest of the co-Defendants (Lake Cottage Communities, Ltd., et al) to sale (subject to the claimed liens of the Perry County Treasurer, or other lienholder claimants not part of the execution).

**{¶6}** Appellant's counterclaim for declaratory judgment states at Paragraph 84, "Defendant Harris's [sic] Lien is the first and superior lien on the Property, after that of the Perry County Treasurer."

**{¶7}** Appellant's answer prays the trial court determine title, quiet title and order foreclosure, issuing, "h. An order determining that the Defendant Harris' Consent Judgment Lien is the prior, first and best lien (after the Perry County Treasurer, if any)"

---

[3] Appellant's answer, counterclaims, cross-claims and third party complaint did not state claims against the Perry County Treasurer. Rather, Appellant conceded his lien would be subject to the first and superior lien of the Perry County Treasurer.

**{¶8}** On August 10, 2015, Appellant filed an amended answer, counterclaims, cross claims, and third party complaint[4], stating in part,

19. Defendant admits that there may be a claim for property taxes, but is uncertain at this time of the amount or legality of any taxes or delinquent taxes.

\*\*\*

25. Defendant admits that he has an interest in the Property, by virtue of Consent Judgment in the Perry County Court of Common Pleas \*\*\* through which the Defendant James Harris has currently levied the Property in question, and subject the equity interest of the co-Defendants (Lake Cottage, Ltd., et al.) to sale (subject to the claimed liens of the Perry County Treasurer, or other lienholder claimants not part of the execution.)\*\*\*

**{¶9}** Appellant's claim for declaratory judgment states, "83. Defendant's Harris's [sic] Lien is the first and superior lien on the Property, after that of the Perry County Treasurer."

**{¶10}** Appellant's prayer for relief requests, "h. An order determining that the Defendant Harris's [sic] Consent Judgment Lien is the prior, first and best lien (after the lien of the Perry County Treasurer, if any)."

**{¶11}** The Perry County Treasurer did not file an answer to Harris' pleadings. [5]

---

[4] Again, Appellant did not assert any claims as to the Perry County Treasurer.
[5] Civil Rule 7(A) requires a party upon whom a third party complaint is served to file an answer. However, the record demonstrates Appellant did not state a claim against the

**{¶12}** On August 26, 2014, a receiver was appointed.

**{¶13}** On February 11, 2015, the trial court substituted JTS Capital LLC as plaintiff, retaining Park National Bank in the litigation due to Appellant's cross-claims for fraudulent transfer.

**{¶14}** The matter proceeded to trial on December 16, 2015, to ascertain the priority of liens as to the remaining parties. It is undisputed the Perry County Treasurer did not appear at trial, nor file a trial brief.

**{¶15}** On August 31, 2016, the trial court entered judgment disposing of all claims, including a determination of the liens and priority.[6] Appellant was found to have lien priority, subject only to the claims of the Perry County Treasurer. The judgment entry states,

> The Court finds that there is due the Treasurer of Perry County, Ohio, taxes, accured [sic] taxes, assessments and penalties on the premises, as shown on the County Treasurer's tax duplicate, which are valid and subsisting liens thereon for that amount so owing. The lien held by James Harris shall be deemed second in line behind the taxes.

---

Perry County Treasurer. Rather, Appellant conceded in the pleadings his lien was second to the Perry County Treasurer's first and superior lien. Accordingly, we find the Perry County Treasurer did not waive any argument presented herein by not filing a responsive pleading to the answer or amended answer stating counterclaims, cross-claims and third-party claims against other parties.

[6] The trial court's judgment entry states, "The Defendants, James Harris, Martin Finta IV, Martin Finta V, Joseph Finta, VDB Enterprises, Ltd., Grand Events, Ltd., Lake Cottage Communities, Ltd. and Snug Harbor settled their claims. That agreement is set forth in two separate Agreed Judgment Entries, which will be filed contemporaneously with this Judgment Entry." 8/31/2016 Judgment Entry.

{¶16} Appellant assigns as error,

I. THE TRIAL COURT ERRED IN NOT FINDING CO-DEFENDANT PERRY CO. TREASURER'S TAX CLAIMS AND LIENS AS INVALID, UNPROVEN, OR WITHOUT PRIORITY OR PRECLUDED BY ESTOPPEL, AS TO ANY SUCH CLAIMS AND LIENS ACCRUED BEFORE THE DATE OF FILING THE CASE (AND DERIVED INTEREST, PENALTIES, AND CLAIMS ACCRUED SINCE THEN ON SUCH CLAIMS.)

II. THE TRIAL COURT ERRED IN ITS JUDGMENT ENTRY DATED AUGUST 31, 2016, WHEN IT FOUND THAT THERE WAS "DUE THE TREASURER OF PERRY COUNTY, OHIO, TAXES ACCRUED TAXES, ASSESSMENTS AND PENALTIES ON THE PREMISES, AS SHOWN ON THE COUNTY TREASURER'S TAX DUPLICATE, WHICH ARE VALID AND SUBSISTING LIENS THEREON FOR THAT AMOUNT SO OWING," AND THAT THE APPELLANT'S LIEN WAS SUBORDINATE TO OR "BEHIND [ALL OF THE TREASURER OF PERRY COUNTY'S LIENS AND CLAIMS FOR] TAXES", WHEN EVIDENCE AND TESTIMONY FOR SUCH TAXES, LIENS, OR CLAIMS OR PRIORITY WERE NOT INTRODUCED AT TRIAL.

III. THE TRIAL COURT ERRED IN ITS JUDGMENT ENTRY DATED AUGUST 31, 2016, WHEN IT DID NOT FIND WITH SPECIFICITY THAT THE CROSS CLAIM DEFENDANT AND APPELLEE, THE PERRY

COUNTY TREASURER, DID NOT HAVE A REPRESENTATIVE OR ATTORNEY PRESENT AT THE TRIAL PROCEEDING ON DECEMBER 16, 2015.

IV. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT AND ABUSED ITS DISCRETION WHERE IT FOUND THAT THE APPELLEE'S TAX LIENS CLAIMED TO BE EXTANT AT THE FILING OF THE CASE (INCLUDING ANY DERIVED INTEREST AND PENALTIES) WERE SUPERIOR TO THE APPELLANT'S LIEN, AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND TESTIMONY ACTUALLY INTRODUCED AT THE TRIAL ON DECEMBER 16, 2015, WHEN THE TREASURER OF PERRY COUNTY INTRODUCED NO EVIDENCE NOR SUPPORT ITS CLAIMS TO ANY LIEN, TAX CLAIM OR PRIORITY.

V. THE COURT ERRED, TO THE PREJUDICE OF THE APPELLANT AND/OR ABUSED ITS DISCRETION, WHEN IT DID NOT PRECLUDE BY ESTOPPEL, ENJOIN FROM ASSERTING, OR OTHERWISE BAR ANY LIENS OR TAX CLAIMS, OR SUBORDINATE ANY LIEN PRIORITY, OF THE APPELLEE PERRY COUNTY TREASURER, THAT MATURED BEFORE AND BECAME FIXED BY THE TIME THIS CASE WAS FILED (TOGETHER WITH ANY RELATED ACCRUED INTEREST AND PENALTIES), PURSUANT TO ORC 2721, CIV. R. 57, *GRAFTON V. MONG,* 134 Ohio St.416, QUILL V. TROUTMAN ENT., INC., 2005-OHIO-2020, BERHNARD V. O'BRIEN, 97 OHIO APP.359

[SIC] 372, HILLING V. CITY OF CINCINNATI V. STERRIT, 57 OHIO ST. 654, OR ON THE BASIS THAT THE CROSS CLAIM DEFENDANT, APPELLEE, AND PARTY TO THIS CASE, THE PERRY COUNTY TREASURER, DID NOT ANSWER THE APPELLANT'S CROSS CLAIMS OR AMENDED CROSS CLAIMS, FILE A TRIAL BRIEF, APPEAR AT TRIAL, NOR SUBMIT ANY EVIDENCE OR TESTIMONY DURING THE TRIAL.

## I, II, III, IV, and V.

{¶17} As Appellant's assigned errors raise common and interrelated issues, we will address the arguments together.

{¶18} As set forth above, Appellant's pleadings before the trial court concede Appellant's claims were second in priority to the first and superior lien of the Perry County Treasurer. Appellant did not assert a claim against the Perry County Treasurer, and did not assert the tax lien was second to his lien.

{¶19} The Perry County Treasurer did not waive its priority by failing to respond to Appellant's answer and/or the amended answer asserting counterclaims, cross-claims and third-party claims, as Appellant did not state a claim against the Perry County Treasurer. We further find the Perry County Treasurer did not waive its superior claim in not appearing at trial in this matter, as Appellant conceded in his pleadings the inferiority of his claim to the "first and superior" lien of the Perry County Treasurer. Rather, the trial proceeded on a determination of all lien and ownership claims.

**{¶20}** The calculation of taxes is a mechanical and ministerial act which does not render the trial courts entry a non-final appealable order. *Citimortgage v. Roznowksi*, 139 Ohio St.3d 299, 11 N.E.3rd 1140, 2014-Ohio-1984. Thus, the trial court's determination of lien priority and adjudication as to the remaining defendants, while not calculating the exact tax calculation does not prevent the order from being final. Id.

**{¶21}** O.R.C. 5721.10 provides,

Except as otherwise provided under sections 5721.30 to 5721.43 of the Revised Code, the state shall have the first lien on the lands and lots described in the delinquent land list, for the amount of taxes, assessments, interest, and penalty charged prior to the delivery of such list.***

**{¶22}** R.C. 323.11 states,

The lien of the state for taxes levied for all purposes on the real and public utility tax list and duplicate for each year shall attach to all real property subject to such taxes on the first day of January, annually, or as provided in section 5727.06 of the Revised Code, and continue until such taxes, including any penalties, interest, or other charges accruing thereon, are paid.

**{¶23}** Finally, R.C. 3247(B)(1) provides,

(B)(1) Except as provided in division (B)(3) of this section, if real estate is sold at judicial sale, the court shall order that the total of the following amounts shall be discharged out of the proceeds of the sale but only to the extent of such proceeds:

(a) Taxes, assessments, interest, and penalties, the lien for which attaches before the date of sale but that are not yet determined, assessed, and levied for the year that includes the date of sale, apportioned pro rata to the part of that year that precedes the date of sale;

(b) All other taxes, assessments, penalties, and interest the lien for which attached for a prior tax year but that have not been paid on or before the date of sale.[7]

**{¶24}** We find the trial court properly found Appellant's claim inferior to the tax lien held by the Perry County Treasurer. Appellant's arguments are not well-taken and all five of his assignments of error are overruled.

---

[7] Appellant does not allege the proceeds of the sale were insufficient as the sale has not occurred at the time of the appeal.

{¶25} The judgment entered by the Perry County Court of Common Pleas is affirmed.

By: Hoffman, J.

Gwin, P.J. and

Baldwin, J. concur