[Cite as *Caldwell v. Bonnell*, 2019-Ohio-4642.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| IN THE MATTER OF | : | Hon. W. Scott Gwin, P. J. |
| FORECLOSURE OF LIENS FOR | : | Hon. William B. Hoffman, J. |
| DELINQUENT LAND TAXES BY | : | Hon. Patricia A. Delaney, J. |
| ACTION IN REM, TREASURER OF | : | |
| GUERNSEY COUNTY, OHIO | : | |
|  | : | |
|  | : | Case No. 19CA000019 |
| Plaintiff-Appellee | : | |
|  | : | |
| -vs- | : | OPINION |
|  | : | |
| PARCELS OF LAND ENCUMBERED | | |
| WITH DELINQUENT TAX LIENS | | |
| (RE: JACK BONNELL, ET AL) | | |
|  | | |
| Defendants-Appellants | | |

CHARACTER OF PROCEEDING:     Civil appeal from the Guernsey County
Court of Common Pleas, Case No.
17CV000520

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     November 8, 2019

APPEARANCES:

For Plaintiff-Appellee                              For Defendant-Appellant

JAMES R. SKELTON                          C. KEITH PLUMMER
Guernsey County Assistant Prosecutor     139 West Eighth Street
627 Wheeling Avenue                       Box 640
Cambridge, OH 43725                       Cambridge, OH 43725-0640

*Gwin, P.J.*

{¶1} Appellant appeals the judgment entries of the Guernsey County Court of Common Pleas granting appellee's motion for summary judgment.

*Facts & Procedural History*

{¶2} On September 22, 2017, appellee James A. Caldwell, Treasurer of Guernsey County, Ohio filed a foreclosure complaint against appellant Jack Bonnell as to Parcel Number 06-0001178.00 on Madison Avenue in Cambridge, Ohio. Appellee avers a delinquent land certificate was filed pursuant to R.C. 5721.13 by the Auditor of Guernsey County and the State of Ohio has the first and best lien on the property for delinquent and current real estate taxes and assessments. Appellant filed an answer to the complaint on October 19, 2017.

{¶3} Appellant filed a motion to consolidate on October 27, 2017, seeking to consolidate the instant case with two other foreclosure cases with different parcel numbers. Appellee filed a memorandum in opposition to the motion to consolidate, arguing R.C. 5721.18(A) states though the treasurer may join in one action any number of lots or lands, the decree shall be rendered separately for each parcel. The trial court denied the motion to consolidate on November 8, 2017.

{¶4} After obtaining leave of the trial court, appellee filed an amended complaint on April 27, 2018. Appellant filed an answer to the amended complaint on June 13, 2018. Appellant also filed a third-party complaint against the City of Cambridge. Appellant's third-party complaint avers a portion of the real estate taxes alleged to be due to appellee are a result of liens placed upon the property by the City of Cambridge and the City of Cambridge failed to provide proper notice to appellant and thus the City of Cambridge

had no authority to place the liens on the property.  Appellant sought a declaratory judgment deleting the liens of the City of Cambridge from the tax duplicate.

{¶5}    Appellee filed a motion for summary judgment on June 18, 2018.  Attached to the motion for summary judgment is the affidavit of James A. Caldwell.  Caldwell avers as follows:  he is the Treasurer of Guernsey County; he has been in direct supervision of all payments received in respect to the taxes due on parcel #06-0001178.000; the records show the taxes are delinquent for parcel number #06-0001178.000 in the amount of $2,127.30 and have been delinquent for more than one year; the parcel has been listed on the delinquent tax parcel list; and demand for payment of said taxes has been made.

{¶6}    Appellant filed a memorandum contra to appellee's motion for summary judgment on July 3, 2018.  Attached to the memorandum contra is the affidavit of Jack Bonnell.  Bonnell avers as follows:  he disputes the amount of taxes that are claimed to be due and owing; a significant portion of the taxes alleged to be owed are the result of liens placed upon his properties by the City of Cambridge; he has received documents from the City of Cambridge, none of which indicate he was given notice regarding the liens placed on his properties for mowing grass; he attempted to pay his taxes but was advised the taxes would first be applied to the liens he believes were unlawfully placed upon his property without notice; he believes there is a genuine issue of material fact regarding the amount of taxes due and owing; attorney fees should not be awarded to appellee because there is no statutory basis for such an award; he believes the case filed against him is retaliatory; and it is his belief that the City of Cambridge did not follow the procedures set forth in the Ohio Revised Code to provide proper notice to him and thus they have no authority to place liens upon his land.  Bonnell attaches as an exhibit to his

affidavit a letter dated November 7, 2017 that he obtained from a Code Enforcement Officer in Cambridge via a public records request. The letter provides as follows: "In reviewing the liens I have placed on the Bonnell properties I have found the following: Liens were placed on the 1159 Steubenville Avenue property for grass mowing in 2016 in the amount of $125 and in 2013 in the amount of $405. Liens placed on 601 Foster Avenue were $100 in 2011 and $120 in 2009."

{¶7} The trial court denied appellee's motion for summary judgment on November 28, 2018. The City of Cambridge filed an answer to appellant's complaint on February 11, 2019.

{¶8} On February 28, 2019, appellee and the City of Cambridge filed a joint motion for summary judgment, seeking a judgment against appellant as defendant and third-party plaintiff. Attached to the motion for summary judgment is the affidavit of James A. Caldwell that was filed previously with appellee's first motion for summary judgment.

{¶9} Appellant filed a memorandum contra to the joint motion for summary judgment on March 12, 2019. Attached to the memorandum contra is the affidavit of Jack Bonnell that was previously filed with his first memorandum in opposition.

{¶10} The trial court issued a judgment entry on April 16, 2019 granting the joint motion for summary judgment. The trial court reviewed Bonnell's affidavit and attachments and noted, "there is absolutely no information before the Court that any liens of the City of Cambridge were placed on the property which is the subject matter of this foreclosure Complaint." The trial court additionally noted that appellant raised the issue of which costs and expenses are proper expenditures for the court to award, but found the issue not ripe for decision since the real estate had not been sold. The trial court

issued a judgment entry on April 23, 2019 entering judgment in the amount of $2,127.30, plus interest, taxes, penalties, fees, and costs incurred subsequent to the filing of appellee's complaint. The trial court ordered the parcel be sold to satisfy the total amount of judgment. The trial court's judgment entry states it is a final appealable order and there is no just cause for delay.

{¶11} Appellant appeals the judgment entries of the Guernsey County Court of Common Pleas and assigns the following as error:

{¶12} "I. THE TRIAL COURT ERRED IN NOT REQUIRING THE APPELLEE-TREASURER TO CONSOLIDATE CASE NO. 17CV519, 17CV520 AND 17CV521 AS THEY WERE ALL RELATED TO THE SAME DEFENDANT, APPELLANT JACK BONNELL.

{¶13} II. THE TRIAL COURT ERRED IN DESIGNATING THE ENTRY OF APRIL 23, 2019 AS A FINAL APPEALABLE ORDER AS ISSUES REGARDING REDEMPTION AMOUNT OF TAXES THAT SHOULD BE PROPERY ASSESSED TO PARCEL NO. 06-0001178.000, ADDITIONAL ENTRY, ADDITIONAL TAXES, PENALTIES, FEES AND COSTS, ETC. HAVE NOT BEEN DETERMINED BY THE COURT."

I.

{¶14} In his first assignment of error, appellant argues the trial court committed error in denying his motion to consolidate.

{¶15} R.C. 5721.18(A) provides that in foreclosure proceedings on a lien of the state, "the treasurer may join in one action any number of lots or lands, but the decree shall be rendered separately, and any proceedings may be severed, in the discretion of the court or board of revision, for the purpose of trial or appeal, and the court or board of

revision shall make such order for the payment of costs as is considered proper." Further, R.C. 5721.18(B) states, "any number of parcels may be joined in one action. Each separate parcel included in a complaint shall be given a serial number and shall be separately indexed and docketed by the clerk of the court * * *."

{¶16} Like consolidation of civil matters under Civil Rule 42(A), consolidation pursuant to R.C. 5721.18 is discretionary and the trial court has the discretionary authority whether to grant or deny the motion. See *World Tire Corp. v. Webb*, 5th Dist. Knox No. 06CA10, 2007-Ohio-5135. Thus, we will not reverse a trial court's decision on such a motion absent an abuse of discretion. *State ex rel. Nat'l City Bank v. Maloney*, 103 Ohio St.3d 93, 2004-Ohio-4437, 814 N.E.2d 58. An abuse of discretion means the trial court's decision is arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶17} In this case, we find no abuse of discretion in the trial court's denial of the motion to consolidate as the decision was not arbitrary, unreasonable, or unconscionable. The trial court determined that since each decree must be rendered separately pursuant to R.C. 5721.18(A), consolidation was not efficient and would not avoid unnecessary delays. Further, the clerk of courts requested actions involving multiple parcels of land be separated by case number in order to more efficiently complete its duties pursuant to R.C. 5721.18(B).

{¶18} Appellant's first assignment is overruled.

II.

{¶19}  In his second assignment of error, appellant contends the judgment entry issued by the trial court is not a final appealable order because the trial court did not determine the merits of the Cambridge City lien, the redemption amount, and the amount of penalties, fees, and costs awarded to appellee.

{¶20}  Ohio law provides that appellate courts have jurisdiction to review only final orders or judgments.  See, generally, Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.02.  If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and it must be dismissed.  To be final and appealable, an order must comply with R.C. 2505.02 and Civ.R. 54(B), if applicable.

{¶21}  Appellant argues the trial court's entry is not a final appealable order because the trial court did not issue a ruling on the City of Cambridge's lien. We disagree. The motion for summary judgment filed on February 28, 2019 was a joint motion for summary judgment by the Guernsey County Treasurer and the City of Cambridge.  The trial court granted the motion in favor of the Guernsey County Treasurer and the City of Cambridge, finding there was "absolutely no information before the court that any liens of the City of Cambridge were placed on the property which is the subject matter of this foreclosure complaint."  Thus, the trial court issued a ruling on appellant's argument regarding the City of Cambridge's lien.

{¶22}  Appellant also contends the judgment entry issued by the trial court is not final and appealable because it did not determine the amount of interest, fees, and costs awarded to appellee.  Appellant argues since these amounts were not listed in the

judgment entry, he would not have the opportunity to appeal the amount of interest, fees, and costs awarded to appellee. We disagree with appellant.

{¶23} The Ohio Supreme Court has held that foreclosure actions proceed in two stages, both of which end in a final appealable judgment: the order of foreclosure and the confirmation of sale. *Farmers State Bank v. Sponaugle*, --- Ohio St.3d ---, 2019-Ohio-2518, --N.E.3d ---. The order of foreclosure determines that "damages have occurred and sets forth the parties' rights and liabilities as they are related to those damages," and orders the property be sold by sheriff's sale, while the order confirming the sale sets forth the specific damage amount and distributes the funds. *Id.*; *Citimortgage, Inc. v. Roznowski*, 139 Ohio St.3d 299, 2014-Ohio-1984, 11 N.E.3d 1140. The Ohio Supreme Court determined a court cannot state with certainty the total amount of damages, including costs, taxes, expenses, and fees for inspections, appraisals, property protection and maintenance, at the time of the foreclosure decree since the amount would likely change depending on how long it took to sell the property and "no judgment of foreclosure and sale would ever be final if we required courts to compute taxes and all future costs as a prerequisite to finality." *Id.*

{¶24} As to the foreclosure decree, on appeal, parties may challenge the decision to grant the decree of foreclosure. *Id.* An appeal of the confirmation of sale is limited to challenging the confirmation order and issues related to the confirmation proceedings, such as computation of the final total amount owed, including costs, taxes, expenses, and fees. *Id.*

{¶25} In this case, the foreclosure decree resolved all the rights and liabilities of the parties, subject only to the ministerial task of calculating the final amounts at the

confirmation proceedings.  If a dispute as to the final amounts due does arise, the parties may challenge those amounts by appealing the confirmation of sale.  *Id.; JTS Capital LLC v. Lake Cottage Communities Ltd.*, 5th Dist. Perry No. 16-CA-00010, 2017-Ohio-1437.

{¶26}  Appellant also argues the trial court's entry is not final and appealable because the trial court did not determine the redemption amount that appellant would have to tender to the county treasurer to redeem the land pursuant to R.C. 5721.25. Appellant's motion to redeem was filed on May 20, 2019, approximately thirty days after the trial court entered the decree of foreclosure.  While it is permissible for appellant to file a motion to redeem pursuant to R.C. 5721.25 after a foreclosure complaint has been instituted "but before the filing of an entry of confirmation of sale," the fact that a motion to redeem was filed after the foreclosure decree does not render the foreclosure decree a non-final appealable order.  The Ohio Supreme Court has held the fact that the foreclosure entry and decree is final and appealable does not hamper the right of redemption because the right to redeem may be exercised at any time before the sheriff's sale is confirmed.  *Citimortgage v. Roznowski*, 139 Ohio St.3d 299, 2014-Ohio-1984, 11 N.E.3d 1140.

{¶27}  Upon review, we find the trial court's judgment entry and decree of foreclosure is a final appealable order.  Appellant's second assignment of error is overruled.

{¶28}  Based on the foregoing, appellant's assignments of error are overruled.

{¶29}    The judgment entries of the Guernsey County Court of Common Pleas are affirmed.

By Gwin, P.J.

Hoffman, J., and

Delaney, J., concur