[Cite as *Tax Ease Ohio L.L.C. v. Miller*, 2019-Ohio-3433.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| TAX EASE OHIO LLC, | JUDGES:<br>Hon. W. Scott Gwin, P.J |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | Case No. 2019 AP 01 0006 |
| RONNIE L. MILLER, et al., | |
| Defendants-Appellants | O P I N IO N |

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Tuscarawas County<br>Court of Common Pleas, Case No. 2018<br>CF 02 0194 |
| JUDGMENT: | Vacated and Remanded |
| DATE OF JUDGMENT ENTRY: | August 23, 2019 |

APPEARANCES:

| For Plaintiff-Appellee | For Defendants-Appellants |
|---|---|
| AUSTIN BARNES, III<br>1213 Prospect Avenue, Suite 300<br>Cleveland, Ohio 44115 | DANIEL A. FRIEDLANDER<br>Weltman, Weinberg & Reis Co., LPA<br>323 West Lakeside Avenue, Suite 200<br>Cleveland, Ohio 44113 |

*Hoffman, J.*

**{¶1}** Defendant-appellant The Farmers National Bank of Canfield appeals the December 19, 2018 Judgment Entry entered by the Tuscarawas County Court of Common Pleas, which denied its Motion for Leave to File Amended Answer and Complaint. Plaintiff-appellee is Tax Ease Ohio LLC.[1]

STATEMENT OF THE CASE AND FACTS

**{¶2}** On February 28, 2018, Tax Ease Ohio LLC ("Tax Ease") filed a complaint in the Tuscarawas County Court of Common Pleas, naming Ronnie L. and Joyce C. Miller ("the Millers"), The Farmers National Bank of Canfield as successor by merger to First National Bank ("Farmers"), Tuscarawas County Treasurer, and the United States Department of the Treasury, Internal Revenue Service, as defendants. Tax Ease sought to foreclose on a tax certificate relating to real property at 9334 Strasburg Bolivar Road, Strasburg, Ohio ("the Property"), which was owned by the Millers. Although the Millers' loan with Farmers was current at the time of the filing of the complaint, Farmers filed a protective answer, asserting it held the first lien after the tax certificate and real estate taxes, to be paid from the proceeds of a sale, in accordance with its priority.

**{¶3}** Tax Ease filed a motion for default judgment against the Millers on April 27, 2018. Via Judgment Entry and Decree of Foreclosure filed May 10, 2018, the trial court granted default against the Millers. With respect to Farmers and the other lien claimants, the trial court stated:

---

[1] Tax Ease did not file a reply brief.

4. The Court finds that Defendants the United States of America Department of the Treasury Internal Revenue Service and The Farmers National Bank of Canfield successor by merger to First National Bank, claim some right, title, interest or lien upon the premises described, as set forth in their Answers filed herein, but that any right, title, interest, claim or liens said Defendants may have are inferior and subsequent to the lien of [Tax Ease]. The Court makes no finding at this time as to the right, title, interest or lien of said Defendants as set forth in its pleadings, except to note that such claim, right, title, interest or lien of said Defendants are hereby ordered transferred to the proceeds derived from the sale of said premises, after the payment of the costs of the within action, taxes due and payable, and the amount found due [Tax Ease], and the same is hereby ordered continued until further order.   May 10, 2018 Judgment Entry and Decree of Foreclosure.

{¶4}   On December 6, 2018, Farmers filed a Motion for Leave to File Amended Answer and Complaint, seeking to file an amended answer and cross-claim to affirmatively seek a money judgment on its note and foreclose on its mortgage because the Millers were in default.  Farmers noted the trial court had entered judgment in favor of Tax Ease.  Farmers explained the judgment entry did not make a finding relative to Farmer's mortgage, but transferred it to the proceeds of the sale of the Property.  Tax Ease has not taken action to cause the Property to be scheduled for sale.

**{¶5}** Via Judgment Entry filed December 19, 2018, the trial court denied Farmers' motion. The trial court found the motion was not timely filed. The trial court further found final judgment was rendered in the case on May 10, 2018.

**{¶6}** It is from this judgment entry Farmers appeals, raising the following assignments of error:

I. A JUDGMENT ENTRY AND DECREE OF FORECLOSURE IS NOT A FINAL APPEALABLE ORDER AS TO ISSUES THAT ARE SPECIFICALLY RESERVED FOR FURTHER DETERMINATION IN LATER PROCEEDINGS.

II. IN A FORECLOSURE ACTION IT IS AN ABUSE OF DISCRETION TO HOLD THAT A PRIOR DECREE OF FORECLOSURE, RESERVING FOR FURTHER ORDER AND FINDING AS TO A DEFENDANT MORTGAGE HOLDER'S CLAIMS, BARS THE MORTGAGE HOLDER FROM SUBSEQUENTLY AMENDING ITS ANSWER TO ASSERT A SUBSEQUENT DEFAULT ON ITS MORTGAGE AND TO SEEK A DECREE OF FORECLOSURE IN ITS FAVOR.

I, II

**{¶7}** For ease of discussion, we shall address Farmers' assignments of error together. In its first assignment of error, Farmers contends the trial court abused its discretion in denying Farmers' Motion for Leave to File Amended Answer and Complaint based upon a finding the May 10, 2018 Judgment Entry and Decree of Foreclosure was

a final order.  In its second assignment of error, Farmers submits the trial court abused its discretion in finding the May 10, 2018 Judgment Entry and Decree of Foreclosure barred Farmers from amending its answer and filing a cross-claim.  We agree with both assertions.

{¶8}  In *CitiMortgage, Inc. v. Roznowski,* 139 Ohio St.3d 299, 2014-Ohio-1984, 11 N.E.3d 1140, at ¶ 20, the Ohio Supreme Court addressed whether a judgment decree in foreclosure, which included, as part of the recoverable damages, amounts advanced by the mortgagee for inspections, appraisals, property protection, and maintenance, but did not include the specific amounts of those items, is a final appealable order pursuant to R.C. 2505.02(B)(1). The *Roznowski* Court concluded:

[F]or a judgment decree in foreclosure to constitute a final order, it must address the rights of all lienholders and the responsibilities of the mortgagor. As detailed by the Seventh District, the judgment entries in *Walling* and *PHH* were not final orders, because they failed to address the rights of various lienholders involved in those cases. In *LaSalle* and in the present case, however, the judgment entries set forth the rights of all lienholders. Although the trial courts in *LaSalle* and the present case did not specify the actual amounts due, they did state what the mortgagors would be liable for. Each party's rights and responsibilities were fully set forth—all that remained was for the trial court to perform the ministerial task of calculating the final amounts that would arise during confirmation proceedings. *Id.* at ¶ 20.

**{¶9}** In its May 10, 2018 Judgment Entry and Decree of Foreclosure, the trial court found:

The Court finds that Defendants the United States of America Department of the Treasury Internal Revenue Service and The Farmers National Bank of Canfield successor by merger to First National Bank, claim some right, title, interest or lien upon the premises described, as set forth in their Answers filed herein, but that any right, title, interest, claim or liens said Defendants may have are inferior and subsequent to the lien of [Tax Ease]. The Court makes no finding at this time as to the right, title, interest or lien of said Defendants as set forth in its pleadings, except to note that such claim, right, title, interest or lien of said Defendants are hereby ordered transferred to the proceeds derived from the sale of said premises, after the payment of the costs of the within action, taxes due and payable, and the amount found due [Tax Ease], and the same is hereby ordered continued until further order. May 10, 2018 Judgment Entry and Decree of Foreclosure at ¶ 4.

**{¶10}** We find the May 10, 2018 Judgment Entry and Decree of Foreclosure was not a final order. The entry fails to address the rights of Farmers. The entry does not provide Farmers with the ability to seek a judgment against the Millers or proceed with foreclosure on its mortgage. Additionally, we find because the judgment was not final, Farmers is not barred from amending its answer and filing its complaint against the Millers

on its mortgage and to proceed with foreclosure on that mortgage. Accordingly, we find the trial court abused its discretion in denying Farmers' Motion for Leave to File Amended Answer and Complaint.

**{¶11}** In support of its position, Farmers also argued the doctrine of lis pendens prevented it from filing a separate foreclosure action against the Millers. We find the doctrine of lis pendens is not applicable to the instant action.

**{¶12}** Ohio's lis pendens statute provides: "When a complaint is filed, the action is pending so as to charge a third person with notice of its pendency. While pending, no interest can be acquired by third persons in the subject of the action, as against the plaintiff's title." R.C. 2703.26. "Lis pendens prevents third parties who claim to have 'acquired an interest' in the property, after service and during the pendency of the foreclosure action, from challenging the trial court's judgment." *Bates v. Postulate Invests., L.L.C.,* 176 Ohio App.3d 523, 2008–Ohio–2815, 892 N.E.2d 937, ¶ 16.

**{¶13}** Because Farmers' interest in the Property existed prior to Tax Ease initiating the foreclosure on the tax certificate, we find lis pendens would not preclude Farmers from initiating its own action.

**{¶14}** Farmers' first and second assignments of error are sustained.

{¶15} The judgment of the Tuscarawas County Court of Common Pleas is vacated and the matter remanded for the trial court to allow Farmers to amend its answer and file its complaint for foreclosure.


By: Hoffman, J.
Gwin, P.J.  and
Delaney, J. concur